Preston H. Heard (EDNY #8788)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
(404) 888-7366 Telephone
pheard@wcsr.com

*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ART BRAND STUDIOS, LLC, | |
| Plaintiff, | Civil Action No. 2:17-cv-3989 |
| v. | |
| TURAN WAHABZADAH, D/B/A LEELAMEE, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FROM COPYRIGHT INFRINGEMENT** |
| Defendant. | **DEMAND FOR JURY TRIAL** |

For its complaint against Turan Wahabzadah, d/b/a LeeLamee, Plaintiff Art Brand Studios, LLC states as follows:

## INTRODUCTION

1. Plaintiff Art Brand Studios (hereinafter "Plaintiff"), by counsel, brings this action to challenge the actions of Turan Wahabzadah, d/b/a LeeLamee (hereinafter "Defendant"), with regard to the unlawful use of at least two dozen copyrighted images (hereinafter "Images") controlled by Plaintiff under a Master Agreement (defined below) with the copyright holder, and this conduct caused Plaintiff damages. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

2. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s) named in this caption.

3. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, whereby the Defendant violated Plaintiff's exclusive rights to utilize the copyrights pursuant to 17 U.S.C. §§ 106 and 106A.

4. This Court has personal jurisdiction over Defendant because Defendant resides in the State of New York, Defendant's acts of infringement complained of herein occurred in the State of New York, and Defendant has caused injury to Plaintiff in its intellectual property within the State of New York.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claim occurred in this judicial district. Venue is also proper pursuant to 28 U.S.C. § 1400(a) because the Defendant resides in this judicial district.

## PARTIES

6. Plaintiff is a California limited liability company with its principal place of business in Morgan Hill, California.

7. Upon information and belief, Defendant Turan Wahabzadah is an individual residing in Dix Hills, Suffolk County, New York who does business under the name LeeLamee within the State of New York.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant is an individual who, acting without a license, unlawfully published copyrighted works controlled by Plaintiff without Plaintiff's express or implied authority, by the method of a license.

**FACTUAL ALLEGATIONS**

9. At all times relevant, Plaintiff was a limited liability company residing within the State of California.

10. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant was an individual residing in the State of New York and in this judicial district.

11. Plaintiff is a professional publishing and licensing company which publishes and promotes fine art. Plaintiff's business is dependent on receiving compensation for the fine art it publishes and licenses.

12. Artists produce original works of fine art which are then sold or licensed to Plaintiff as the exclusive authority to recreate, publish, and distribute.

13. On January 12, 2015, Plaintiff, through its predecessor organization Windermere Holdings, LLC, entered into an Amended and Restated Master License Agreement with The Kinkade Family Trust Dated 4/23/1997 (the "Master Agreement"), under which it received the exclusive, worldwide right to publish and sublicense all artwork of renowned artist Thomas Kinkade.

14. Under the Master Agreement, Plaintiff has the exclusive right to use, publish and sublicense the following Images at issue in this litigation, which are registered with the United States Copyright Office under Registration Numbers VA 1-238-655; VA 1-719-921; VA 1-099-867; VA 1-737-216; VA 786-185; VA 1-737-255; VA 786-187; VA 802-123; VA 1-719-922; VA 1-743-882; VA 1-788-176; VA 803-748; VA 802-139; VA 1-719-917; VA 1-381-036;

VA 1-717-298; VA 2-042-202; VA 1-238-708; VA 1-778-160; VA 1-245-698; VA 803-735; VA 956-106; VA 1-760-068; and VA 1-099-866.

15. Plaintiff has similar rights to additional Images at issue and for which Copyright Registrations are currently pending; Plaintiff anticipates it will seek to amend this Complaint as additional registrations are granted and additional infringing works are discovered through discovery.

16. Plaintiff notified Defendant and third-party retailer Etsy that the Images are subject to copyright protection and to cease use of the Image.

17. Plaintiff did not consent to, authorize, permit, or allow in any manner the use of the Images by Defendant.

18. Plaintiff is informed and believes that Defendant used the copyrighted works without Plaintiff's permission and that it published, communicated, benefited through, posted, publicized and otherwise held out to the public for commercial benefit, the referenced original and unique copyrighted works without Plaintiff's consent or authority, and acquired monetary gain and market benefit as a result.

19. Plaintiff is informed and believes that Defendant sells unauthorized reproductions of its copyrighted images via Etsy.com under the name LeeLamee.

20. On June 13, 2017, Plaintiff filed a Report of Infringing Material with Etsy request the infringing content be removed. Etsy informed Plaintiff on June 21, 2017 that Defendant filed a counter-notice pursuant to the Digital Millennium Copyright Act ("DMCA"); Etsy also informed Plaintiff at that time that absent litigation seeking a Court Order, Defendant will be allowed to resume its infringing activity on July 5, 2017.

21. Plaintiff has suffered economic loss and potential risk of business reputation from Defendant's sale of unauthorized reproductions of fine art. Absent a Court Order, Plaintiff will continue to suffer these and other imminent, irreparable harms.

## COUNT I – COPYRIGHT INFRINGEMENT
### Title 17 of the United States Code

22. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original materials and/or work of Thomas Kinkade.

24. Plaintiff is informed and believes and thereon alleges that said Defendant infringed upon the copyrighted works exclusively licensed by Plaintiff in violation of Title 17 of the U.S. Code, in that it published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique work without Plaintiff's consent or authority and acquired monetary gain and market benefit as a result.

25. As a result of each and every Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

26. As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

27. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of the copyrights pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

A. Awarding Plaintiff statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c);

B. Awarding Plaintiff costs of litigation and reasonable attorney's fees, pursuant to 17 U.S.C. § 505;

C. Enjoining, preliminarily and permanently, the Defendant from ongoing and further infringement of all copyrighted works licensed by Plaintiff pursuant to 17 U.S.C. § 502; and

D. Awarding any other relief the Court deems just and proper.

Dated: July 5, 2017                               Respectfully submitted,

*/s/ Preston H. Heard*
Preston H. Heard (PHH-8788)
WOMBLE CARLYLE SANDRIDGE & RICE, LLP
271 17th Street, NW, Suite 2400
Atlanta, GA 30363
(404) 888-7366 Telephone
pheard@wcsr.com

*Attorney for Plaintiff*,
ART BRAND STUDIOS, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiff, Art Brand Studios, LLC, hereby demands a trial by jury in the above matter.

Dated: July 5, 2017                                  Respectfully submitted,

                                                                         */s/ Preston H. Heard*
                                                                         Preston H. Heard (PHH-8788)
                                                                         WOMBLE CARLYLE SANDRIDGE & RICE, LLP
                                                                         271 17th Street, NW, Suite 2400
                                                                         Atlanta, GA 30363
                                                                         (404) 888-7366 Telephone
                                                                         pheard@wcsr.com

                                                                         *Attorney for Plaintiff*,
                                                                         ART BRAND STUDIOS, LLC